MENDELSOHN et al. v. GORDON et al.

(Court of Civil Appeals of Texas. Galveston. March 6, 1913.)

APPEAL AND ERROR (§ 481*)—SUSPENSORY ORDER—VACATION.

Acts 31st Leg. (1st Ex. Sess.) c. 34, § 2, providing that appeals from interlocutory orders in injunction cases shall not suspend the order appealed from unless so ordered by the court or judge, leaves it to the discretion of the court or judge to determine the operation of an appeal, but contemplates that suspension shall be pending the appeal, and he cannot set aside a suspensory order after appellant complies therewith by giving a supersedeas bond, and after the record is filed, giving the appellate court full jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2258; Dec. Dig. § 481.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Suit by Charles Mendelsohn and others against Abe Gordon and others. A temporary injunction was dissolved, and plaintiffs appealed. Pending the appeal the district court made an order which put the dissolution order into immediate effect, and they now apply to the Court of Civil Appeals for an injunction to continue in force an order of the district court suspending the operation of the dissolution order pending the appeal. Injunction ordered to issue.

Love & Channell, of Houston, for appellants. Jno. Lovejoy and L. E. Blankenbecker, both of Houston, for appellees.

REESE, J. In this case, while pending in the district court of Harris county, the district judge, on the application of the plaintiffs, granted a temporary injunction enjoining and restraining the defendants from doing certain things in connection with the management of the business affairs of the Congregation Adath Yeshurum, a Jewish religious organization of which both plaintiffs and defendants are members. Defendants thereupon filed a motion which was in legal effect a motion to dissolve, in large part, the said injunction, and to leave the defendants free to do and perform certain of the acts which they were by the terms of the temporary injunction enjoined from doing. This motion coming on to be heard, the same was granted, and thereby defendants were in large part freed from the restraints of the temporary injunction, which was substantially dissolved. From this last order the plaintiffs gave notice of appeal to this court, and in connection with the notice of such appeal the court made an order requiring appellants to execute an appeal bond in the sum of $500, and ordered that upon the giving of such bond the order appealed from "is suspended pending such appeal." The suspension of the order provided for necessarily had the effect to continue the aforesaid temporary injunction in full and undiminished force pending the appeal to this court. Appellants promptly executed the required bond and filed the record in this court, where the cause is now regularly pending.

Thereafter, and after said record was filed in this court, another order in the case was made by the judge or court with regard to the property of the Congregation, authorizing some of the defendants, who were the managing body, to mortgage it. From this order also plaintiffs appealed, and it is stated, but not shown by the record, that this order was also suspended pending appeal by like order on appellants giving bond, which has been given, and that appeal is also now pending in this court. However, this last proceeding does not affect the question presented by application for injunction from this court now to be passed upon.

After said last-named order was made, the court made an order setting aside and canceling so much of the first-named order dissolving the temporary injunction as suspended the operation of said order pending the appeal. The effect of this last order was to put the dissolution order into immediate effect, notwithstanding the appeal, and to leave the defendants free to do the acts enjoined by the temporary injunction. In this state of the case the plaintiffs in the suit and appellants in the appeal from the order dissolving the temporary injunction make application to this court for an injunction, the effect of which is to continue in force the temporary injunction aforesaid pending this appeal; that is, to continue in force the order of the court suspending the operation of the order dissolving said injunction. This application to this court for injunction was set down for hearing and has been fully presented by oral arguments by both parties.

The question involved is a new one arising under the act of 1909, authorizing appeal from an interlocutory order granting, refusing, or dissolving an injunction. Section 2, c. 34, First Called Session 31st Leg. (1909) p. 355. After providing for such appeals, the statute provides: "But such appeals shall not have the effect to suspend the enforcement of the order appealed from unless it shall be so ordered by the court or judge who enters the order." This leaves it to the discretion of the court or judge to determine whether the appeal shall operate a suspension of the order appealed from. We think it was clearly contemplated that the suspension referred to should be pending the appeal. The order made by the court in this case suspended the order appealed from "pending the appeal." The question presented is: Could the judge or court, after making such suspensory order, after the appellant had complied with the requirement of the order by giving the required supersedeas appeal bond, and after the record had been filed in this court, giving it full jurisdiction, set aside the order suspending the operation of the order appealed from? We are of the opinion that he could not properly do so. The filing of the record in this court removed the entire matter out of the jurisdiction of the district court. It came into this court with the suspensory order as part of the proceedings, and the district court or judge had no power to change this status. Any other construction of the statute would make the suspensory order operative not during the pendency of the appeal, but during the pleasure of the court or judge. It may be, and in this case it is very probable, that appellants would not have gone to the expense of perfecting their appeal but for the suspending order. It is tolerably clear that such appeal would have had no practical beneficial results to them if the operation of the order appealed from had not been suspended.

In such case appellants are entitled to an injunction from this court preserving the status of the matter as it was when the appeal was perfected, and it is ordered that such injunction issue.